UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| SCOTT SWALLOW | : |  |
|  | : |  |
| Plaintiff, | : | CIVIL ACTION NO. |
|  | : | 3:02CV2057(RNC) |
| v. | : |  |
|  | : |  |
| GATEWAY COMPANIES, INC. | : |  |
| a/k/a GATEWAY 2000 RETAIL, INC. | : |  |
| a/k/a GATEWAY 2000 COUNTRY | : |  |
| STORES, INC. | : |  |
|  | : |  |
| Defendant. | : | OCTOBER 30, 2003 |

## MOTION ON CONSENT TO EXTEND TIME

Pursuant to Local Rule 7(b), the defendant, Gateway, Inc. ("defendant") respectfully requests a thirty (30) day extension of all pretrial deadlines in this matter. Specifically, defendant requests a 30 day extension of time to complete the deposition of plaintiff's expert witness, to and including December 1, 2003; an extension of time for defendant to designate its expert witness(es), to and including December 17, 2003; an extension of time to complete discovery to and including December 30, 2003; and an extension of time to file dispositive motions to and including January 29, 2004.

In support of its motion, the undersigned counsel for defendant represents as follows:

1. This extension of time is necessary because the plaintiff's expert testified at his deposition on September 29, 2003 that he had never seen the document request attached to his Notice of Deposition and, therefore, he did not bring all of the requested documents with him to the deposition.

2.  During the deposition, Mr. Stoller further testified that there were specific documents that he had in his possession which had not been produced. They included, all billing records concerning this matter, his time records, his engagement letter, memoranda he prepared summarizing conversations with plaintiff and/or plaintiff's counsel, a missing page from the calculations, an initial email from plaintiff, handwritten and/or computerized notes of conversations with plaintiff and his counsel, back up for certain calculations and assumptions and all of the back up "cells" for the excel spreadsheet which constitutes his report. Mr. Stoller further testified that he could not answer certain questions without reviewing his notes (which were not produced).

3.  Mr. Stoller agreed to provide the requested information and the plaintiff's counsel indicated that the documents would be forthcoming. The deposition was to be completed once the production was made.

4.  As of October 15, 2003, no documents had been provided. Therefore, defense counsel sent a letter to plaintiff's attorney requesting the information. A true and complete copy of attorney Cannavino's letter is attached hereto as Exhibit A.

5.  Still, no documents were provided. Therefore, on October 23, 2003, defense counsel again wrote to plaintiff's attorney stating that because there had been no response to her earlier letter, and given the impending deadline – October 30, 2003 – to complete the deposition of the plaintiff's expert, she enclosed a

re-notice of Mr. Stoller's deposition for October 29th. A true and complete copy of attorney Cannavino's letter is attached hereto as Exhibit B.

6. On October 28th, defense counsel received a letter from plaintiff's attorney enclosing a few additional documents, and stating that he and his expert did not believe there was reasonable notice for the deposition and therefore, they did not intend to attend.   In addition, plaintiff's counsel stated that the materials provided were duplicative and therefore, there was no need for a continued deposition. A true and complete copy of attorney Kachevsky's letter is attached hereto as Exhibit C.

7. On October 30th, defense counsel sent plaintiff's counsel a letter specifying each and every item (and the deposition page citations) which Mr. Stoller testified he had not provided. A true and complete copy of attorney Cannavino's letter is attached hereto as Exhibit D.

8. In addition, defense counsel requested, by November 4th, plaintiff's position as to (1) whether he intended to provide the additional documents and (2) whether he intended to voluntarily agree to produce Mr. Stoller for his continued deposition, so that she could take appropriate action. See Exhibit D.

9. Defendant seeks this extension of time to ascertain plaintiff's position with regard to expert discovery, and seek a court order, if necessary, or to review the new documents disclosed, and to complete the deposition of the expert, Mr. Stoller and to consider retaining an expert.

10. In the absence of the requested extension, the deadline for defendant to complete the deposition of plaintiff's expert is October 30, 2003.

11. Plaintiff's counsel has been contacted to ascertain this motion and he has no objection ot a 30 day extension of all pretrial deadlines. He did indicate that he objects to any further expert disclosure.

12. This is the defendant's second request for an extension of all pre-trial deadlines. However, defendant had made one prior request to extend the time period to depose plaintiff's expert witness based upon plaintiff's failure to provide the requested documents at his deposition.

WHEREFORE, defendant respectfully requests that its Motion be granted.

THE DEFENDANT
GATEWAY COMPANIES, INC.

By_____
W. Joe Wilson  (CT22292)
Tyler Cooper & Alcorn, LLP
185 Asylum Street
CityPlace/35th floor
Hartford, CT 06103
Tel. (860) 725-6200
Fax: (860) 278-3802
JWilson@tylercooper.com


Its Attorneys

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, postage prepaid, to all counsel and pro-se parties of record this 30th day of October, 2003:

Paul Kachevsky
60 Sleepy Hollow Drive
Danbury, CT 06810

W. Joe Wilson

DC00000099V001.doc

**EXHIBIT    A**

# Tyler Cooper
# & Alcorn, LLP

*Counsellors at Law*

| Deborah D. Cannavino | One Landmark Square | |
| Counsel | 19th Floor | New Haven |
| 203.425.2475 | Stamford, CT | Hartford |
| Fax: 203.348.3875 | 06901-2501 | Stamford |
| cannavino@tylercooper.com | 203.348.5555 | Madison |

October 15, 2003

Paul Kachevsky
60 Sleepy Hollow Dr.
Danbury, Connecticut 06810

**FILE COPY**

Re:   **Scott Swallow vs. Gateway Companies, Inc.**

Dear Paul:

I write to express my surprise and dissatisfaction that documents were not provided at the deposition of plaintiff's expert witness, which were both relevant to his opinion and were specifically requested in the Schedule A document request attached to his Notice of Deposition. I was particularly concerned that the calculaitons concerning plainitff's lost wages were not provided.

In addition, as you are well aware, we were forced to take your expert's deposition on the last day to depose experts under the Court's scheduling order. Given the lack of complete disclosure at the deposition, we have had to seek the court's permission to  extend the time to complete that deposition until November 17, 2003.

We request that you provide copies of all of the requested documents to us immediately to avoid further  delay or the necessity of a furhter extension.

Very truly yours,

Deborah DeHart Cannavino

DDC:jhl

EXHIBIT    B

# Tyler Cooper
# & Alcorn, LLP

*Counsellors at Law*

Counsel
203.425.2475
Fax: 203.348.3875
cannavino@tylercooper.com
www.tylercooper.com

Two Landmark Square
Suite 214
Stamford, CT
06901-2501
203.348.5555

New Haven
Hartford
Stamford
Madison

October 23, 2003

FILE COPY

Paul Kachevsky
60 Sleepy Hollow Dr.
Danbury, Connecticut 06810

Re:     **Scott Swallow vs. Gateway Companies, Inc.**

Dear Paul:

To date, I have not received any response from you to my letter of October 15, 2003 seeking the immediate production of the additional documents in your expert's possession identified in his deposition on September 29, 2003.

As the deadline for completing your expert's deposition is fast approaching - October, 30, 2003 - I have re-noticed his deposition for October 29, 2003. He is required by the deposition notice to bring his *complete* file with him this time, as well as all of the documents requested in the schedule A document requests attached to the deposition. This time, I urge you to provide him a copy of the notice of deposition in advance of the deposition so that all responsive documents can be provided.

Very truly yours,

*Debh. Canna*

Deborah DeHart Cannavino

DDC:jhl

**EXHIBIT    C**

Paul Kachevsky
Attorney at Law
60 Sleepy Hollow Dr.
Danbury, Connecticut 06810
Telephone (203) 792-9074


October 27, 2003


**VIA FEDERAL EXPRESS**

Deborah DeHart Cannavino
Tyler Cooper & Alcorn, LLP
Two Landmark Square
Suite 214
Stamford, CT 06901-2501

Re:    **Swallow v. Gateway**
      **Case No. 3:02CV2057(RNC)**

Dear Ms. Cannavino:

Please find enclosed the materials you specifically requested at Mr. Stoller deposition. I would like to note that your re-notice of deposition fails to comply with FRCP 30 (b)(1) as you are required to give "reasonable notice" of a deposition. I cannot conceive how 3 business days constitutes "reasonable notice" under the rules. In addition we will soon be providing you a copy of Mr. Stollers bill for services pursuant to FRCP 26(b)(4)(C).

Secondly, as the materials are duplicative of materials you have had since July there is no basis for a further deposition.

Finally, as a practical note, neither Mr. Stoller nor I are available on October 29.

Thank you for your attention to this matter.

Very truly yours,

Paul Kachevsky

PK:pk
Encl.



REMOVE DOCUMENT ALONG THIS PERFORATION

THIS DOCUMENT IS PRINTED IN TWO COLORS. DO NOT ACCEPT UNLESS BLUE AND BROWN ARE PRESENT

**NON-NEGOTIABLE**



# Inflation Calculator

$ 9080.00
in  2002
has the same buying power as
$ 9271.80
in  2003

Calculate

About this calculator

Danbury Executive Tower
30 Main Street, Suite 308
Danbury, CT 06810
Tel 203 743-2168
Fax 203 790-8901
Email rsstoller@earthlink.net

May 12, 2003

Attorney Paul Kachevsky
60 Sleepy Hollow Road
Danbury, CT 06810

This letter is to confirm our understanding of the terms and objectives of my engagement and the nature and limitations of the services I will provide.

My report will calculate the compensation lost of Mr. Scott Swallow for the period November 1, 2001 and December 31, 2002 and the current value of said loss as of June 30, 2003. The report will contain three factors for calculating the current value. The compensation lost shall be the difference between the projected Gateway compensation and compensation actually received by the employers, Toys R US and Home Depot, during the period November 1, 2001 and December 31, 2002. The compensation figures will be from information provided by Mr. Swallow such as W2 and applicable payroll stubs. The report will use future value sources as follows.

1. Consumer Price Index (CPI) - U.S. Department of Labor
2. Low and High Certificate of Deposit rates.

My fee for these services is based on my standard hourly rate of $150 per hour and out of pocket expenses and is estimated at $ 5,000 and is due and payable upon presentation of the invoice.

I shall be pleased to discuss this letter with you at any time.

If the foregoing is in accordance with your understanding, please sign the copy of this letter in the space provided and return it to me.

Sincerely,

Robert S. Stoller, CPA

Acknowledged:
Attorney Paul Kachevsky

_____
Signature

___5/12/03___
Date

13 ... Scott Swallow                                    5/10/03  LS

✳ Met w/ Scott Swallow and Atty Kachersky
re: preparing a Compensation Loss Report
that will measure two components:

1. Consequential or Compensatory Damages
   described as the compensation that
   would have been earned if Scott S.
   had continued employment w/ Gateway
   past the day he was terminated
   (10/31/01 per Scott) through his
   subsequent employment w/ Toys R Us
   (12/1/01 per Scott)

2. Mitigating Damages described as the
   difference between the actual compensation
   rec'd from Toys R Us (12/1/01-4/1/02 per
   Scott) and Home Depot (4/1/02-12/31/02 per
   Scott) respectively and the the
   compensation that Scott S. would
   have earned had he continued
   employment for the respective
   periods. — Discussed w/ Scott S. the
   annual rate increases that could
   have been earned at the usual
   rate increase period (anniversary) or 3/15/02.
   Last raise (@ 3/15/01) was approx 5%
   from 60,000 base to 63600 base. Other

5/10/03 K.

raises were approx 3% per Scott S.

<u>Bonus</u> → Bonus expected about 3/15 of every year based on previous year store production. Scott S. anticipated the 3/15/02 bonus to be around 30% and a bonus @ 3/15/03 (based on 2002 production) to be 30%.

— The factors that will be utilized for the report will be —
    • CPI — US Dept of Labor
    • Low & High CD rates

— The information needed from Scott S. includes all applicable W2's, Paystubs, etc. specifically:
    • 2001 W2 Gateway
    • 2001/2002 W2 Toys R Us
    • 2002 W2 Home Depot
    • Gateway Pay stub — First and from Bonus and last increase periods.
    • Any other relevant info as needed.

10

Time frame to complete report is approx 2-3 months.

Raise %'s to use for period 3/15/02 - 12/31/02

Ø - assume no raise @ 3/15/02 "low"

3% - assume 3% raise @ 3/15/02 "mid"
per Scott S. this was the historical pay raise

5% - assume 5% raise @ 3/15/02 "high"
per Scott and calculated
pay raise @ 3/15/01 =
(63600 - 60500)/60500 = 5.124%

the raise percentage's will be applied to cash flows differences calculated for the period 3/15/02 - 12/30/02 and figured by using amortization tables for a series of payments over applicable time.

Subsequent to meet will use c/s rates    fg 7/03
@ 18 month low — per interest search - 2002
@ 18 month high per interest search - 2002
& CPI Calculator per DOL website.

**EXHIBIT     D**

**Tyler Cooper**
**& Alcorn, LLP**

*Counsellors at Law*

Deborah D. Cannavino
Counsel
203.425.2475
Fax: 203.348.3875
cannavino@tylercooper.com
www.tylercooper.com

Two Landmark Square
Suite 214
Stamford, CT
06901-2501
203.348.5555

New Haven
Hartford
Stamford
Madison

October 30, 2003

*FILE COPY*

Paul Kachevsky
60 Sleepy Hollow Dr.
Danbury, Connecticut 06810

Re:    **Scott Swallow vs. Gateway Companies, Inc.**

Dear Paul:

I write in response to your October 27, 2003 letter.

As you are well aware, Mr. Stoller testified that you had not provided him the Schedule A document requests attached to his Notice of Deposition in advance of the agreed upon deposition; and therefore, he did not bring his entire file to the deposition.

Mr. Stoller agreed to review his records when he returned to the office to determine whether there were any additional responsive documents that were not provided.

During the deposition, however, Mr. Stoller testified that there were specific documents that he had in his possession which had not been produced. They were:

1.    All billing records concerning this matter (Stoller Dep. at 5)

2.    His engagement letter (Dep. at 5-6)

3.    Memos he prepared summarizing conversations with plaintiff and/or plaintiff's counsel (Dep. at, 41)

4.    The missing eighth page of each packet (i.e., No Raise , 3% Raise and 5% Raise)

5.    An additional payroll stub for plaintiff (Dep. at 40)

6.    An initial email from plaintiff (Dep. at 40)

7.    Handwritten and/or computerized notes of conversations with plaintiff and his counsel (Dep. at 54, 87, 88, 89-90, 91, 96-97, 98 -99)

Paul Kachevsky
October 30, 2003
Page 2

8.    All of the excel spreadsheet cells in his report (Dep. at 63-64, 93, 95)

9.    His time records (Dep. at 77)

10.   The back up for the calculation of the spiff (Dep. at 85-86), and

11.   Additional back up calculations for the raise assumptions (Dep. at 92).

In your October 27, 2003 letter, you provided (1) an illegible payroll stub, (2) an unidentified one page sheet entitled inflation calculator, (3) his retainer letter, and (4) handwritten notes dated May 10, 2003. You have indicated that Mr. Stoller has no additional documents.

This is curious to me as he testified, under oath, that firstly, he had not provided his entire file to us at the deposition and secondly, that all of the above-referenced specific documents did in fact exist.

Further, you stated in your letter that you would not provide Mr. Stoller for his continued deposition as the documents provided were "duplicative."

As explained at the deposition, we did not complete his deposition. We explained very clearly that we could not conclude the deposition of Mr. Stoller without these additional documents. In fact, Mr. Stoller responded that he would need to review some of these documents to answer the questions we asked. Moreover, we concluded for the day 2:30 because Mr. Stoller had another engagement.

Please confirm to me by November 4, 2003 your position as to (1) whether you intend to provide these additional documents and (2) whether you intend to voluntarily agree to produce Mr. Stoller for his continued deposition, so that we can take appropriate action.

Very truly yours,

Deborah DeHart Cannavino

DDC:jhl