■ **Tyler Cooper**
■ **& Alcorn, LLP**
*Counsellors at Law*

Deborah D. Cannavino
Counsel
203.425.2475
Fax: 203.348.3875
cannavino@tylercooper.com
www.tylercooper.com

Two Landmark Square
Suite 314
Stamford, CT
06901-2501
203.348.5555

New Haven
Hartford
Stamford
Madison

RECEIVED
Nov 13 11 00:01 '03
CHAMBERS
ROBERT N. CHATIGNY
U.S. DISTRICT JUDGE

November 12, 2003

Via Federal Express
The Honorable Robert N. Chatigny
United District Court
District of Connecticut
450 Main Street
Hartford, CT 06103

> RE:   Scott Swallow v. Gateway Companies, Inc.
>       Case No. 3:02CV2057(RNC)

Judge Chatigny:

Pursuant to the Court's Order Regarding Case Management Plan, the defendant, Gateway Companies, Inc. ("Gateway"), respectfully requests a prefiling conference to obtain permission to file a Motion for Summary Judgment in the above-referenced matter. This letter outlines the nature and basis for the Motion for Summary Judgment, as well as the results of the undersigned counsel's conference with plaintiff's counsel.

**I.   NATURE AND BASIS FOR DEFENDANT'S MOTION SUMMARY JUDGMENT MOTION**

This case arises out of the termination of the plaintiff's employment with Gateway. Specifically, the plaintiff alleges violation of Connecticut General Statutes §31-51q (Count One), breach of contract (Count Two), breach of the covenant of good faith and fair dealing (Count Three), intentional and negligent infliction of emotional distress (Count Four), and breach of Connecticut General Statutes §31-128(b) and (g).

**COUNT ONE:   Connecticut General Statutes §31-51q**

In Count One, the plaintiff alleges that the defendant's actions violated his rights to freedom of speech and expression and that such actions constitute a violation of Connecticut General Statutes §31-51q.

[Handwritten margin note: Defendant may file this letter. The Clerk will file the report, which no further prefiling conference will be held. 11/13/03]

The Honorable Robert N. Chatigny
November 12, 2003
Page 2

Connecticut courts recognize that "Section 31-51q protects only that activity guaranteed safe from private employer interference by either certain sections of our constitution or by the federal constitution. If the rights exercised by the employee do not fall into the specified constitutional category, the statute cannot apply. Emerick v. Kuhn, 52 Conn. App. 724, 743 (1999). Moreover, the Connecticut Supreme Court has specifically held that this statute "applies only to expressions regarding public concerns that are motivated by an employee's desire to speak out as a citizen." Cotto v. United Techn. Corp., 251 Conn. 1, 17 (1999). Furthermore, the speech is not protected if it interferes with the employee's job performance or his working relationships with his employer. Conn. Gen. Stat. §31-51q.

When questioned at his deposition regarding his §31-51q claim, the plaintiff indicated that he felt that he may have been terminated from his position as the store manager because of a comment he made to his employees at a staff meeting. When questioned about whether the Gateway store would close, plaintiff claimed he told the employees that he was willing to "go down with the ship" and that each one of them must be willing to "go down with the ship" before him.

Such statements do not involve a matter of public concern, and, as such, cannot, as a matter of law, form the basis for a claim under §31-51q. Furthermore, such comments interfered with his job performance and his working relationship with his employer and, therefore, plaintiff cannot maintain his claim.

**COUNT TWO:   Breach of Contract**

To maintain a breach of contract claim, plaintiff must show that the alleged representations of defendant demonstrated an immediate intention to undertake contractual liability. See D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 213 (1987) (holding that a principal's statements and assurances to rehire a teacher did not constitute promises upon which contractual liability could attach); Therrien v. Safeguard Manufacturing Comp., 180 Conn. 91, 95 (1980) (holding no contract implied in fact where there is no allegation of words, action or conduct demonstrating that the defendant agrees to undertake any form of actual contract commitment to the plaintiffs).

Here, plaintiff alleges that he was given a training manual which contained a progressive discipline policy which Gateway did not follow in terminating his employment. However, the Connecticut courts have held that "The mere fact that [an employee] believed [that certain statements or policies] constituted a contract does not bind [the employer] without some evidence that [the employer] intended to be bound to such a contract." Christensen, 18 Conn. App. at 458 (citation omitted). The burden is on the plaintiff to prove the existence of an implied agreement. Torosyan, 234 Conn. at 15. Therefore, plaintiff's claim must fail.

The Honorable Robert N. Chatigny
November 12, 2003
Page 3

### COUNT THREE: Breach of Covenant of Good Faith and Fair Dealing

Breach of the implied covenant of good faith and fair dealing is a cause of action available only to at-will employees who can prove that the reason for their discharge involves an "'impropriety ... derived from some important violation of public policy.'" Magnan v. Anaconda Indus., Inc., 193 Conn. 558, 572 (1994) (quoting Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 475 (1980). The breach of the implied covenant of good faith and fair dealing cause of action "is coterminous with, and extends no further than, a cause of action for wrongful discharge in tort." Battista v. United Illuminating Co., 10 Conn. App. 486, 495 (1987).

Here, plaintiff, an at-will employee, has failed to establish that his termination from Gateway violated an important public policy. He alleges only that he was terminated for statements that he admits to making at an employee meeting which were inappropriate. Plaintiff's termination for making statements that all of "the employees would go down" before him does not violate any important public policy, and plaintiff does not even so allege.

### COUNT FOUR: Emotional Distress

Count Four of plaintiff's complaint sounds in negligent infliction of emotional distress and intentional infliction of emotional distress.

*Intentional Infliction of Emotional Distress*

It is axiomatic that to sustain a cause of action for intentional infliction of emotional distress, the plaintiff must show that the conduct complained of was "extreme and outrageous." Carnemolla v. Walsh, 75 Conn. App. 319, 331 (2003). Conduct is considered "extreme and outrageous" if it "exceeds of all bounds usually tolerated by decent society." Id. at 332. In discussing this cause of action, the Connecticut Supreme Court has stated:

> Liability for intentional infliction of emotional distress requires conduct that exceeds all bounds usually tolerated by decent society. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!' Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress.

The Honorable Robert N. Chatigny
November 12, 2003
Page 4

Appleton v. Board of Education of Stonington, 254 Conn. 205, 210-211 (2000) (citations omitted).

The plaintiff has failed to allege any actions that would rise to the level of extremity needed to sustain a claim for intentional infliction of emotional distress. He alleges only that he was suspended, pending an investigation, for statements he admits to making at an employee meeting and that at the conclusion of the investigation, he was terminated.

*Negligent Infliction of Emotional Distress*

The Connecticut Supreme Court has specifically held that a cause of action for "negligent infliction of emotional distress in an employment context arises only where it is based on upon unreasonable conduct of the defendant in the termination process." Perodeau v. City of Hartford, 259 Conn. 729, 750 (2002) (citing Parsons v. United Techn. Corp., 243 Conn. 66 (1997) (emphasis added). The court has further concluded that "the mere termination of employment, even where it is wrongful, is . . . not, by itself, enough to sustain a claim for negligent infliction of emotional distress." Id.

Here, there is no evidence to support a claim that defendant acted unreasonably during the termination process and plaintiff cannot, as a matter of law, maintain a cause of action for negligent infliction of emotional distress.

**COUNT FIVE:    Connecticut General Statutes §31-128**

Count Five of the Plaintiff's Complaint purports to allege a violation of Personnel Files Act, Connecticut General Statutes §31-128 et seq. Connecticut Superior Courts have consistently held that a violation of this Act does not give rise to a private cause of action. See Day v. Seacorp, Inc., No. 550385, 2002 WL 31050891 *9 (Conn. Super. Ct. Aug. 13, 2002); Turzer v. Connecticut Nat. Bank, CV 910279671, 1991 WL 213529 *1 (Conn. Super. Ct. Oct. 10, 1991). Therefore, plaintiff's claim must fail as a matter of law.

## II.    CONFERENCE WITH OPPOSING COUNSEL

The basis of the defendant's Motion for Summary Judgment was discussed at a status conference with plaintiff's counsel and Your Honor on the record on November 7, 2003.

In addition, the undersigned counsel conferred with opposing counsel regarding the basis for defendant's Motion for Summary Judgment on November 12, 2003 in a good faith effort to clarify the issues, eliminate or reduce areas of confusion and arrive at a mutually satisfactory resolution.

At

The Honorable Robert N. Chatigny
November 12, 2003
Page 5


that time, the undersigned reviewed the basis for defendant's Motion for Summary Judgment. Plaintiff's counsel disagreed with her factual representations and the applicable law. Plaintiff's counsel believes that he has established all of the claims alleged in the Complaint.

### III.　CONCLUSION

Based on the foregoing, the defendant respectfully requests that the court schedule a prefiling conference and allow defendant permission to file a Motion for Summary Judgment on all of plaintiff's claims in this matter.

Very truly yours,

*[signature]*

Deborah DeHart Cannavino

DDC:jhl

cc:　Paul Kachevsy, Esq.